IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

REGINALD G. BAKER,

Plaintiff,

vs.

MAX HUAHOFF, TREATMENT TEAM, and DON WHITMIRE,

Defendants.

**8:26CV440**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Reginald G. Baker's correspondence dated July 31, 2026, which the Court received on August 17, 2026, and construes as a civil complaint (the "Complaint"). Filing No. 1. Plaintiff, a non-prisoner,[1] also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 11. Upon review of Plaintiff's Motion, the Court finds that Plaintiff is financially eligible to proceed IFP. The Court now conducts an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). In conducting this review, the Court will also address the various letters and other motions filed by Plaintiff.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is a two-page handwritten document consisting of a letter with the subject line "denied access to courts and legal." Filing No. 1

[1] Plaintiff's Complaint indicates he is committed to a state mental institution. Thus, Plaintiff is not a "prisoner" within the meaning of the PLRA. *See Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005) ("The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)).

at 1.[2] The Complaint is written in narrative form, and Plaintiff's handwriting is often illegible and very difficult to decipher. As best the Court can tell, Plaintiff is civilly committed to the Norfolk Regional Center ("NRC") and complains that the defendants, Max Huahoff and Don Whitmire, are denying Plaintiff access to the Courts. Plaintiff alleges he is attempting to file civil litigation concerning medical malpractice that caused his disability and put him in a wheelchair. Plaintiff is indigent and has been denied legal copies, law library time, printing services, and postage, and his legal mail is delayed and tampered with as letters are opened and removed from the envelopes. Plaintiff also alleges his "dental needs are denied" and he is confined to a patient room that does not allow sufficient room for his wheelchair. Filing No. 1 at 1.

Plaintiff seeks "to be compensated for the lost [sic] of [his] former daily life" and, liberally construed, for "not being allowed to access courts, file civil actions." Filing No. 1 at 1. Plaintiff also asks for an "order to correct all the vast constitutional violations and proceed with my lawsuits." Filing No. 1 at 1.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint

[2] All citations to Plaintiff's pleadings have been corrected for spelling, capitalization, and punctuation.

must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "Though pro se complaints are to be construed liberally, they still must

allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)). Here, Plaintiff's Complaint fails to meet these minimal pleading standards.

Even when liberally construed, Plaintiff's Complaint offers nothing more than conclusory allegations that he has been denied access to the courts and appropriate medical care and living conditions in violation of his constitutional rights. Plaintiff does not provide any factual context for these alleged constitutional violations nor does he allege facts connecting the alleged violations with the actions of either defendant. Thus, his Complaint fails to satisfy federal pleading standards to state a claim for relief and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court, however, will give Plaintiff leave to file an amended complaint as set forth below.

## IV. OTHER REQUESTS AND PENDING MOTIONS

### A. Letters, Filing Nos. 5, 6, and 7

Plaintiff submitted letters to the Court dated August 27, September 10, and September 11, 2026, and filed on September 4, September 15, and

September 24, 2026, respectively. Filing Nos. 5, 6, & 7. The letters are handwritten, and Plaintiff's handwriting is, again, very difficult to decipher. In the first letter, Plaintiff states he is confused by the mail he received related to this case and appears to not understand how a complaint was filed. Filing No. 5. The Court clarifies that it construed Plaintiff's letter dated July 31, 2026, and received by the Court on August 17, 2026, as a civil complaint and, thus, opened this new civil case and docketed the letter as the Complaint.

Plaintiff's three letters also discuss mail sent from this Court to Plaintiff that was tampered with and opened by the defendant Max Huahoff, outside Plaintiff's presence and without his authority. Plaintiff complained to the U.S. Postal Inspector and the Nebraska State Patrol about Huahoff's conduct. The Nebraska State Patrol asked NRC staff to stop Plaintiff from contacting them, and, as a result, NRC staff placed a telephone restriction on Plaintiff requiring that his calls be staff-assisted. Plaintiff appears to ask that the Court intervene on his behalf to reinstate his previous telephone privileges. Filing No. 7. As Plaintiff's Complaint is subject to dismissal as currently pleaded, the Court finds Plaintiff's vague request for injunctive relief premature and will deny it without prejudice.

In his third letter, Plaintiff also asks the Court to inform him "if this writing is acceptable to you for handwritten documents for filing." Filing No. 7. Plaintiff is advised that handwritten documents, in general, are acceptable for filing, but the Court's local rules require "[a]ll documents must be single-sided and **legibly** typewritten, photocopied, printed, or handwritten if necessary, and without materially defacing erasures or interlineations." NECivR 10.1(b)(2). Plaintiff's handwriting is largely illegible, and the Court cannot make out numerous words in Plaintiff's submissions. Any

handwritten materials Plaintiff submits to the Court must be legible and readable. **If the Court cannot read the materials, then the Court may decline to take any action on the filing and/or strike it as non-compliant with the Court's local rules.**

Finally, Plaintiff requests "several blank 1983 forms; IFP (in forma pauperis) and habeas corpus forms and blank summons." Filing No. 7; *see also* Filing No. 6. The Court will direct the Clerk of Court to send Plaintiff the requested forms.

**B. Motions for Copies, Filing Nos. 8 and 9**

Plaintiff has filed two motions for copies in which he appears to request that the Court provide him copies of all filings in this case without charge because he is indigent. Filing Nos. 8 & 9. The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Guinn v. Heckler*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not...."); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir.1973)).

Here, apart from the Clerk's notice acknowledging receipt of Plaintiff's Complaint, Filing No. 2, a copy of General Order No. 2025-01, Filing No. 3, and the Court's August 18, 2026, order directing Plaintiff to either pay the filing fees or submit an IFP request, Filing No. 4, all the filings are

documents submitted by Plaintiff, and he has not demonstrated any need for the Court to provide him copies of documents he submitted. Plaintiff's letters also indicate that he received the three documents sent to him by the Court. As such, the Court will deny Plaintiff's motion for free copies of all filings in this case. Plaintiff should contact this Court's clerk's office to determine the proper method for requesting and paying for copies. *See* NEGenR 1.2(d) ("Before providing a service, the clerk requires prepayment of all collectible fees prescribed by statute or the Judicial Conference of the United States."); *see also* 28 U.S.C. § 1914 & Judicial Conference Schedule of Fees (fee "[f]or reproducing any record and providing a copy in paper form, $.50 per page").

In his second motion for copies, Plaintiff also asks the Court to update his mailing address to the address provided in his motion and to send him twelve blank summons forms. Filing No. 9. The Court will direct the Clerk of Court to update Plaintiff's address as he requests and to send the requested forms.

**C. Motion for Intervention, Filing No. 10**

On October 8, 2026, Plaintiff filed what the Court construes as a motion for intervention in which he asks the Court to intervene and order NRC staff to stop tampering with and delaying Plaintiff's legal mail and remove his staff-assisted telephone restriction. Filing No. 10. As with the similar request in his letter discussed above, the Court will deny Plaintiff's request for injunctive relief without prejudice as premature as Plaintiff's Complaint is subject to dismissal as currently pleaded and, thus, he has not demonstrated that he is likely to succeed on the merits. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (listing factors district courts should consider when determining whether to grant motion for preliminary injunctive relief). In addition, Plaintiff's request for preliminary

injunctive relief is not supported by a separate brief and index of evidence as required by the Court's local rules. *See* NECivR 65.1 (citing NECivR 7.1(a)).

**D. Motion to Correct Record and for Extension, Filing Nos. 12 and 13**

On October 20, 2026, Plaintiff filed a motion to correct the record in which he appears to seek to name the following parties as defendants:[3]

Don Whitemire, NRC Administrator
Max HuaHoff
Cody Bolleson, RN NRC
Treatment Team 1
Ryan Wills
Benjamin Bartholon
Tracy Daake
Rochelle Christian
David Mitchell, PHD NRC
Chris Thacrwood
Christian Spallak
Jaivi Du, NRC Clinical Director
Oscar Acrico, Team Lead 3-West
John Doe (AKA male) 1 West overnight Team Lead
Thannus Janser, NHH
Steve Corsi, CLO Nebraska Department of Health and Human Services
NRC Response Team Mailroom NRC.

Filing No. 12. Plaintiff simultaneously filed a motion for extension in which he asks for 180 days to amend his complaint due to limited access to the library, printing services, and a computer for composing legal documents. Filing No. 13. Plaintiff also appears to ask the Court to order the NRC to provide him with computer access and pay for all printing and postage costs associated with his legal documents. *Id.*

Upon consideration, the Court will grant Plaintiff's motion to correct the record and for an extension only to the extent that the Court will give Plaintiff 30 days from the date of this order to file an amended complaint

[3] The names are difficult to decipher due to Plaintiff's poor handwriting, and the Court has deciphered the names as best it could.

which includes all of the claims he wishes to pursue against all of the defendants he wishes to proceed against in one document, as explained further below. Plaintiff may request an extension of time to file an amended complaint, if necessary, but Plaintiff must demonstrate good cause for any such extension.

## V. CONCLUSION

Plaintiff's Complaint fails to comply with federal pleading rules and, thus, fails to state a claim upon which relief may be granted. However, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a plausible claim for relief against specific named defendants.

In amending his Complaint, Plaintiff should be mindful to clearly explain in a concise and organized fashion what the defendants did to him, when defendants did it, how defendants' actions harmed him, and what legal rights Plaintiff believes defendants violated. Plaintiff's amended complaint also must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each allegation be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him, and he should carefully read and follow the instructions in the form. If handwritten, Plaintiff's amended complaint must be *legible*.

Plaintiff must summarize the relevant allegations of his Complaint and any new allegations *in one document*. Plaintiff is warned that an amended complaint will replace his Complaint and any previously filed letters and

motions. *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against the defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's IFP Motion, Filing No. 11, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's motion to correct the record, Filing No. 12, and motion for extension, Filing No. 13, are granted only to the extent that Plaintiff shall have until **December 18, 2026**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims he wishes to pursue against all the defendants he wishes to proceed against in the amended complaint. Plaintiff must identify each defendant by name to the extent possible and should be mindful to explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated. Plaintiff must use the court-approved form to draft his amended complaint, and he should carefully read and follow the instructions in the form.

4. Failure to consolidate all claims into **one document** may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will replace, not supplement, his Complaint.**

5. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

6. The Clerk of the Court is directed to update Plaintiff's address to the address provided in Filing No. 9.

7. The Clerk of the Court is further directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner), a form application to proceed without prepayment of fees, a Form AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and twelve blank summons forms. If Plaintiff wants additional forms, then he should request them from the Clerk of the Court in clear, legible writing.

8. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **December 18, 2026**: amended complaint due.

9. Plaintiff's motions for copies, Filing No. 8; Filing No. 9, and motion for intervention, Filing No. 10, are denied consistent with this Memorandum and Order.

Dated this 18th day of November, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge